**FILED & ENTERED**

MAY 20 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:   Marcus Daniel Silver, Debtor. | Case No.:  2:21-bk-16492-ER<br>Chapter:  7<br><br>**MEMORANDUM OF DECISION DENYING DEBTOR'S MOTION FOR RECONSIDERATION OF ORDER DENYING DEBTOR'S MOTION TO CONVERT FROM CHAPTER 7 TO CHAPTER 13**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rules 9013-1(j)(3) and 9013-1(p)(1)] |

    Marcus Daniel Silver (the "Debtor") moves for reconsideration (the "Motion for Reconsideration")[1] of the order[2] denying the Debtor's motion to convert from Chapter 7 to Chapter 13 (the "Motion to Convert").[3] Pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3),[4] the Court finds the Motion for Reconsideration to be suitable for disposition without oral argument. For the reasons set forth below, the Motion for Reconsideration is **DENIED.**

---

[1] Bankr. Doc. Nos. 19, 22, and 24. Unless otherwise indicated, "Bankr. Doc. No." references are to Case No. 2:21-bk-16492-ER and "Adv. Doc. No." references are to Adv. No. 2:21-ap-01201-ER.

[2] Bankr. Doc. No. 17.

[3] Bankr. Doc. No. 14.

[4] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

## I. Background

The Debtor filed a voluntary Chapter 7 petition on August 6, 2021. On September 22, 2021, the Chapter 7 Trustee (the "Trustee") filed a Report of No Distribution.[5] The Debtor has not yet received a discharge.

The Debtor scheduled seven unsecured creditors holding claims in the aggregate amount of $15,856.68.[6] According to Schedule I, the Debtor is not employed and receives no regular monthly income except for $1,540 per month in unemployment compensation.[7]

On October 1, 2021, the Debtor removed to the Bankruptcy Court an action captioned *Marcus Silver v. PHH Mortgage Corporation, et. al* (Los Angeles Superior Court Case No. 21STCV26286) (the "State Court Action"). The State Court Action pertains to real property located at 8613 Franklin Avenue, Los Angeles, CA 90069 (the "Property"). The basis of the State Court Action is that PHH Mortgage Corporation, U.S. Bank National Association, and Western Progressive, LLC (the "Defendants") are not entitled to foreclose upon the Property because the underlying loan is void.

Prior to the removal of the State Court Action, the State Court denied the Debtor's motion for a preliminary injunction preventing the Defendants from foreclosing upon the Property. The State Court found that "there is scant evidence before the court to support [the Debtor's] request for a preliminary injunction" because, among other things, the "Complaint is devoid of specific allegations pertaining to [the Debtor's] interest in the Property," the Debtor "has submitted virtually no evidence to support his claims," and "[a]ccording to record title, Defendants are authorized to enforce the deed of trust and commence non-judicial foreclosure proceedings against the Property."[8]

Upon the motion of the Defendants, the Court remanded the State Court Action to the State Court.[9] Concurrently with its decision to remand the State Court Action, the Court denied the Debtor's Motion to Convert.[10] The Court found that the Debtor sought conversion in bad faith, for the purpose of preventing the State Court Action from being remanded.[11] In so finding, the Court noted that the Debtor's brief in opposition to the Motion to Remand indicated his desire to have his state-law claims adjudicated in a federal court:

> Plaintiff plans to abandon/withdraw the pending Superior and [A]ppellate Court cases after this Court's approval of the removal. In the event this Court decides to remand the case, petitioner may well decide to withdraw his complaint from State Court and re-file an amended complaint in Bankruptcy or Federal Court anyway which will again only further delay the quick and efficient administration of the bankruptcy estate.

Adv. Doc. No. 12 at 8.

---

[5] Bankr. Doc. No. 10.
[6] Schedule E/F [Bankr. Doc. No. 1].
[7] Schedule I at ¶¶ 1–4 and 8d [Bankr. Doc. No. 1].
[8] Order Denying Preliminary Injunction Filed August 11, 2021 at 2 and 4 [Adv. Doc. No. 1].
[9] Adv. Doc. No. 17 (order remanding State Court Action) and Adv. Doc. No. 15 (ruling explaining why remand was appropriate).
[10] Bankr. Doc. No. 17 (order denying Motion to Convert) and Adv. Doc. No. 15 (ruling remanding the State Court Action and denying the Motion to Convert).
[11] Adv. Doc. No. 15 at 3–5.

The Court's conclusion that the Debtor sought conversion for the improper purpose of circumventing the State Court's jurisdiction over the State Court Action was also supported by the fact that but for the filing of the Motion to Convert, the Debtor would have already received a discharge and his Chapter 7 case would have been closed.[12] (As of the hearing on the Motion to Convert, the Trustee had filed a Report of No Distribution certifying that the estate had been fully administered, and the deadline for creditors to object to discharge or to file a dischargeability action had elapsed with no such actions having been filed.)

In the Motion for Reconsideration, the Debtor argues that he should be permitted to convert to Chapter 13 to prevent the Defendants from foreclosing upon the Property. He further argues that he now has the ability to repay his creditors because he recently received $36,000 from the State of California for lost rental income relief assistance. Finally, the Debtor argues that he did not seek conversion to defeat the State Court's jurisdiction over the State Court Action, because he has filed a request for dismissal of the State Court Action.

## II. Findings and Conclusions

Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted). "Motions for reconsideration which merely revisit the same issues already ruled upon by the trial court, or which advance supporting facts that were otherwise available when the issues were originally briefed, will generally not be granted." *Negrete v. Bleau (In re Negrete)*, 183 B.R. 195, 197 (B.A.P. 9th Cir. 1995), *aff'd,* 103 F.3d 139 (9th Cir. 1996). A motion for reconsideration may not be used "to rehash the same arguments made the first time or simply express an opinion that the court was wrong." *In re Greco*, 113 B.R. 658, 664 (D. Haw. 1990), *aff'd and remanded sub nom. Greco v. Troy Corp.*, 952 F.2d 406 (9th Cir. 1991); *see also In re Mannie*, 299 B.R. 603, 608 (Bankr. N.D. Cal. 2003) (internal citation omitted) ("A motion to reconsider should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly—or to reiterate arguments previously raised.").

Section 706(a) provides that the "debtor may convert a case under this chapter to a case under chapter … 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title." In *Marrama v. Citizens Bank of Massachussetts*, 549 U.S. 365, 372 (2007), the Supreme Court held that § 706(a) did not provide the Debtor an absolute right to convert to Chapter 13. Conversion can be denied where the converted case will subsequently be dismissed or immediately returned to Chapter 7 "for cause" under § 1307(c). *Id.* at 372–73. Bad-faith conduct is cause for dismissal or conversion under §1307(c), and is therefore cause for denying a motion to convert. *Id.* Conversion may also be denied "to prevent an abuse of process." *Id.* at 375.

To determine whether bad faith sufficient to deny a motion to convert is present, the Court must consider "the totality of the circumstances." *Khan v. Barton (In re Khan)*, 846 F.3d 1058, 1065 (9th Cir. 2017). "A finding of bad faith does not require a finding of debtor's fraudulent intent." *In re Crandall*, 549 B.R. 734, 742–43 (Bankr. D. Alaska 2016).

//
//
//

---

[12] *Id.*

Factors that the Court may consider in determining the presence of bad faith include the following:

1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his Chapter 13 petition or plan in an inequitable manner;
2) the debtor's history of filings and dismissals;
3) whether the debtor only intended to defeat state court litigation; and
4) whether egregious behavior is present.

*Khan*, 846 F.3d at 1065.

These factors are not exclusive. Rather, the "overarching requirement … is the totality of the circumstances," the "factors are simply factors to consider," and "not every one of them must be met." *Id.*

A petition is filed in bad faith when "the case is essentially a two party dispute capable of prompt adjudication in state court." *St. Paul Self Storage Ltd. P'Ship v. Port Authority of the City of St. Paul (In re St. Paul Self Storage Ltd. P'ship)*, 185 B.R. 580, 583 (B.A.P. 9th Cir. 1995).[13] The Debtor filed his Chapter 7 petition shortly after the State Court denied his motion for a preliminary injunction preventing the Defendants from foreclosing upon the Property. He then removed the State Court Action to the Bankruptcy Court. The Debtor sought to convert to Chapter 13 only after it became apparent that there was a possibility that the State Court Action could be remanded to the State Court.

Nothing within the Motion for Reconsideration alters the Court's conclusion that the Debtor's primary motive in seeking conversion was to defeat the State Court's jurisdiction over the State Court Action. The Debtor asserts that his desire to convert could not have been motivated by forum shopping because the State Court Action has now been dismissed, but the remaining arguments in the Motion for Reconsideration bely this assertion. For example, the Debtor states that the sole reason that he sought bankruptcy protection was to contest the validity of the loan secured by the Property. The gravamen of the State Court Action is that the loan is invalid. As discussed, the Debtor sought bankruptcy protection only after the State Court found that the Debtor had failed to demonstrate a likelihood of prevailing upon the claims asserted in the State Court Action, and concluded that "[a]ccording to record title, Defendants are authorized to enforce the deed of trust and commence non-judicial foreclosure proceedings against the Property."[14] In other words, by the Debtor's own admission, the purpose of the bankruptcy petition was to provide the Debtor a further opportunity to continue to assert the claims presented in the State Court Action.

"In finding a lack of good faith, courts have emphasized an intent to abuse the judicial process and the purposes of the reorganization provisions ... [p]articularly when there is no realistic possibility of an effective reorganization and it is evident that the debtor seeks merely to delay or frustrate the legitimate efforts of secured creditors to enforce their rights." *In re Mense*, 509 B.R. 269, 277 (Bankr. C.D. Cal. 2014). The State Court has found that the Debtor has failed

---

[13] Although *St. Paul Self Storage* considered bad faith within the context of Chapter 11, its holding applies with equal force to Chapter 13.
[14] Order Denying Preliminary Injunction Filed August 11, 2021 at 2 and 4 [Adv. Doc. No. 1, Ex. 10].

"to show how the facts underlying the [State Court Action] satisfy the elements of the various causes of action," and that to "the extent [the Debtor] claims Defendants do not own the debt [secured by the Property], Defendants' judicially noticed documents demonstrate otherwise."[15] Allowing the Debtor to convert to Chapter 13 would enable him to continue to benefit from the automatic stay while pursuing the claims against the Defendants that the State Court has already found that he is unlikely to prevail upon. The primary purpose of the Motion to Convert is to further delay the ability of the Defendants to exercise their rights with respect to the Property.

The Debtor places substantial emphasis upon his purported desire to repay creditors as a reason why the Motion to Convert was not sought in bad faith. The Court finds that the Debtor's claimed desire to repay creditors cannot have been the primary motivation for seeking conversion, since nothing prevents the Debtor from voluntarily repaying creditors after he receives a discharge. § 524(f).

### III. Conclusion

Based upon the foregoing, the Motion for Reconsideration is **DENIED**. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: May 20, 2022

Ernest M. Robles
United States Bankruptcy Judge

---

[15] *Id.*